IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

PATRICK BEASLEY,                                                                    PETITIONER

v.                                                                         NO.: 2:10CR78-SA

UNITED STATES OF AMERICA,                                                          RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the pro se motion of Petitioner, Patrick Beasley, filed pursuant to 28 U.S.C. § 2255, to vacate the conviction and sentence imposed on him after he pleaded guilty one count of conspiracy to commit wire fraud pursuant to 18 U.S.C. §§ 371, 1343, 1349, and 2326. Having considered Petitioner's pleadings, as well as the record and the applicable law, the Court finds that the motion should be denied, for the following reasons.

**Background**

On May 20, 2010, a federal grand jury returned a thirteen-count indictment against Petitioner and seven others for wire fraud and related charges. (*See* doc. entry no.1). Petitioner was charged with one count of conspiracy to commit wire fraud and two counts of committing wire fraud. (*See id.*). The conspiracy involved a scheme to defraud victims by having a co-conspirator place a telephone call to a victim and inform the victim that they had won a large cash prize that could not be claimed until the victim paid the purported fees and taxes, via wire transfer, to a person named by the caller. (*Id.*). The individual named by the caller - the "runner" - was usually another co-conspirator. (*Id.*).

On June 28, 2011, Petitioner, with the assistance of counsel, entered a plea of guilty to count one of the indictment charging him with conspiracy to commit wire fraud. (*See* Plea Tr. 1-

23). Petitioner was advised of his rights at the change of plea hearing, including his right to remain silent and his right to proceed to trial. (*Id.* at 5-7). He was advised that the penalties included, in part, a term of imprisonment of not more than thirty years. (*Id.* at 9). Petitioner waived his rights and entered a plea of guilty to count one of the indictment, i.e., conspiracy to commit wire fraud. (*See id.* at 19-20).

The United States Probation Service prepared its initial presentence report ("PSR") following entry of Petitioner's guilty plea. The PSR calculated a base offense level of seven with a fourteen-level increase for the attributed loss, which was $448,084. (*See* PSR 16). A four-level enhancement was imposed because the offense involved fifty or more victims, a two-level increase was imposed because the offense involved a misrepresentation that the defendants were acting on behalf of a government agency, a two-level enhancement was imposed because the defendant knew or should have known that a victim was a vulnerable victim, and a two-level increase was imposed because the defendant was an organizer or leader of a criminal activity involving five or more participants. (*Id.* at 16-17). After adjusting the offense level for a three-level reduction for acceptance of responsibility, the PSR recommended a total offense level of twenty-eight. (*Id.* at 17). The PSR also noted that Petitioner had previously been convicted of wire fraud in the United States District Court for the Eastern District of Wisconsin in a telemarketing scheme that involved twenty victims, the majority of which were elderly. (*Id.* at 19). In that scheme, he posed as an IRS and an FBI agent. (*Id.*). The PSR recommended a criminal history score of seven and a criminal history category of IV, which gave Petitioner a guideline range of 110 to 137 months' imprisonment. (*Id.* at 23, 28). The PSR also recommended that a variance from the guidelines might be appropriate to address the seriousness

of the offense, the need to protect the public from further crimes by the Petitioner, and the need to provide just punishment. (*Id*. at 30). Neither Petitioner nor the Government objected to the PSR. (*Id.* at 32).[1]

Based on the assistance Petitioner provided to the Government in prosecution of the conspiracy, the Government subsequently filed a motion for downward departure pursuant to § 5K1.1 of the Federal Sentencing Guidelines. At sentencing, the Court adopted the PSR without change. (Sentencing Tr. 6). After considering the Government's § 5K1.1 motion and the relevant factors under 18 U.S.C. § 3553(a)(1), the Court imposed an upward variance and sentenced Petitioner to 190 months' imprisonment on count one of the indictment. Regarding the sentence, the Court stated:

> [The sentence is being imposed] to reflect the seriousness of the offense and to promote respect for the law, which I feel that you have failed to observe and that you have repeated the same type of conduct, and it's also for the reason to provide just punishment for this offense.
>
> The Court is constantly reminded in the sentencing in these cases that there were 91 victims, 63 of which were elderly persons, and a lot of money taken from these victims.
>
> The Court is imposing this sentence outside the advisory guideline system also to afford adequate deterrence to criminal conduct for the reason that I've already cited, that I don't feel that any of the leaders and organizers were at all deterred by their previous federal sentences. I trust this sentence will deter your future conduct.
>
> And to protect the public from future crimes of the defendant. I don't recall at this moment the exact number of victims in the previous federal case, but as I recall, it was approximately 30 in that case with substantial restitution owing and has not been paid.

---

[1] The Court notes that, under Rule 32(i)(3)(A) of the Federal Rules of Criminal Procedure, a sentencing court "[m]ay accept any undisputed portion of the Pre-Sentence Report as a finding of fact."

3

> So the Court has taken all of these factors and matters into consideration and feels that a sentence outside the advisory guideline system is warranted.
>
> As you well know, this crime did involve the scamming of elderly persons out of their hard earned money. The Court was very touched and persuaded by the victims who testified in the case.
>
> It's apparent to me that you have no respect for the law. I've taken all of these matters into consideration and tried to fashion a sentence that will provide the just punishment that I feel that is warranted in this case.

(Sentencing Tr. at 7-8).

Petitioner appealed the judgment, asserting that this Court erred in its: (1) improper calculation of the guidelines; (2) lack of notice as to facts underlying variances; (3) lack of notice that the Court would consider anything other than enhancements; and (4) lack of notice that victims' testimony elicited at co-defendant's trial would be utilized as a factor in increasing his sentence.

The Fifth Circuit affirmed this Court's sentence. *See United States v. Beasley*, 490 F. App'x 676, No. 12-60036, 2012 WL 5295759 (5th Cir. Oct. 29, 2012). The appellate court found that Petitioner failed to demonstrate that the Court erred by imposing an upward variance - as opposed to a departure - in his case, and it found that the Court was not required to provide Petitioner with notice before it imposed a variance. *See id.* at 676. The court also found that even if it was clear and obvious error for the Court to rely on victims' testimony elicited at a co-defendant's trial at Petitioner's sentencing, Petitioner had "not shown that his substantial rights were affected because he also ha[d] not shown a reasonable probability that he would have received a lower sentence but for the error." *Id.* at 677. The appellate court also pointed out that this Court gave a "lengthy justification" for the sentence, which was based "on the seriousness of the offense, the history and characteristics of Beasley, and the need to promote respect for the

4

law, to protect the public from his future crimes, and to provide adequate deterrence." *Id.* The appellate court also noted that this Court based its sentence "on similar sentences imposed on other 'leaders and organizers' in this case." *Id.* The Fifth Circuit found Petitioner could not show error based on the disparity in sentencing between other defendants in similar cases because he did not show "that the aggravating and mitigating circumstances in those cases were not distinguishable from those present in this case." *Id.* It further found the variance imposed "reasonable in light of the totality of the circumstances." *Id.*

Subsequently, on or about July 18, 2013, Petitioner filed the instant § 2255 motion, raising the following claims of ineffective assistance of counsel: (1) counsel failed to object at sentencing to the District Court's reliance on improper victim testimony; (2) counsel failed to provide the Court with mitigating factors, failed to disclose Petitioner's cooperation, failed to object to information allegedly provided to the Government that was allegedly later used against him, and failed to object to the victim enhancements; (3) counsel failed to advise Petitioner of his Fifth Amendment right to silence, and counsel advised him to cooperate with the Government; (4) counsel failed to object to the PSR; (5) counsel failed to object to the leader/organizer enhancement; and (6) counsel failed to research issues and wrongly informed Petitioner that there were no issues that would be effective for a writ of certiorari to the Supreme Court.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A defendant may challenge his conviction or sentence after it is final by moving to "vacate, set aside, or correct the sentence" under 28 U.S.C. § 2255. Issues disposed of on direct

appeal are not subject to further review under § 2255. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). Rather, relief under § 2255 is reserved for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

A claim of ineffective assistance of counsel may be cognizable under § 2255. *Glover v. United States*, 531 U.S. 198, 203 (2001). However, a defendant's unsupported assertions are of no probative evidentiary value and are insufficient to establish grounds for § 2255 relief or to warrant an evidentiary hearing. *See Ross v. Estelle*, 694 F.2d 1008, 1012 and n.2 (5th Cir. 1983) ("Bare, conclusory allegations unsupported by other indicia of reliability in the record[] do not compel a federal District Court to hold an evidentiary hearing."); *see also United States v. Stracener*, 959 F.2d 31, 33 (5th Cir. 1992) (applying *Ross* analysis in context of § 2255 proceeding). The § 2255 petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

**Ineffective Assistance of Counsel**

The Sixth Amendment of the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Where a petitioner claims he was denied his right to effective assistance, he bears the burden of proving that trial counsel's conduct fell below the constitutional minimum guaranteed by the Sixth Amendment. *Id.* at 686. The two-pronged standard for evaluating counsel's performance asks: (1) whether counsel performed deficiently (i.e., fell below an objective standard of resonableness); and (2) whether prejudice resulted from counsel's deficient

performance (i.e., counsel's "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable"). *See id.* at 687. Prejudice is demonstrated only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The prejudice inquiry of *Strickland* does not ask whether counsel's act or omission had some conceivable effect on the outcome, however, but requires that the errors by counsel must have been so serious as to render the proceedings unreliable and fundamentally unfair. *United States v. Saenz-Forero*, 27 F.3d 1016, 1021 (5th Cir. 1994); *see also Strickland*, 466 U.S. at 693.

Judicial scrutiny of an attorney's performance is "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689. A "strong presumption" exists "that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

**1. Failure to object at sentencing to the Court's reliance on improper victim testimony.**

In his first claim of error, Petitioner maintains that his counsel was ineffective for failing to object to the Court's reliance at his sentencing on victim testimony elicited at a co-defendant's trial. Petitioner maintains that he had no notice that the Court would consider testimony from a co-defendant's case in sentencing him, and he argues that he would not have pleaded guilty if he had known the Court would consider such evidence. He contends that his sentence would have been within the guideline range absent the Court's improper consideration and absent counsel's failure to object to same.

7

As the Fifth Circuit noted, the Court gave a "lengthy justification" for the sentence imposed on Petitioner, and the appellate court found that Petitioner failed to demonstrate a reasonable probability that his sentence would have been lower absent the error. *See Beasley*, 490 F. App'x at 677. That is, Petitioner's sentence was reasonable even if the Court, without notice to Petitioner, considered victim testimony elicited at a co-defendant's trial in computing Petitioner's sentence. Consequently, the failure of Petitioner's attorney to object to the testimony did not prejudice him, and Petitioner's allegations are insufficient to establish ineffective assistance of counsel.

**2. Failure to give Court mitigating factors; to disclose Petitioner's cooperation; to object when information he allegedly provided the Government was later used against him; and to object to the victim enhancements.**

Petitioner argues that his sentence would have been decreased if his attorney had disclosed his cooperation with the prosecution and offered mitigating factors to the Court. The record demonstrates that the Government did provide the Court with a detailed explanation of Petitioner's cooperation, and the Court relied upon that information in reducing Petitioner's sentence. (Sentencing Tr. 4-5). The Court explained that if had not been for the 5K1.1 motion filed by the Government, Petitioner would have been sentenced to 240 or 250 months. (Sentencing Tr. 10). Therefore, the Court took mitigating factors and Petitioner's cooperation into consideration in granting the 5K1.1 motion. Ultimately, Petitioner was reasonably sentenced based on his recidivist return, and he has not alleged any mitigating factor which, if it had been presented to the Court, would have influenced the sentence imposed.

Next, Petitioner argues that counsel failed to object to the victim enhancements. A two-

level upward enhancement applies under U.S.S.G. § 3A1.1(b) "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim[.]" This enhancement requires that the victim be "unusually vulnerable due to age, physical or mental condition, or . . . otherwise particularly susceptible to the criminal conduct." *United States v. Angeles-Mendoza*, 407 F.3d 742, 746-47 (5th Cir. 2005). As the Court has already noted, prior to becoming involved in the scheme for which he is currently imprisoned, Petitioner had been previously convicted for a wire fraud scheme where he posed as an IRS and FBI agent and defrauded approximately twenty victims, most of whom were elderly. (*See* PSR 19). Petitioner knew or should have known that the victims in this case were unusually vulnerable due to their age and mental condition, as it is undisputed that Petitioner called victims multiple times to induce them to send money more than once. At least sixty-three of the ninety-one victims in this case were over the age of fifty-five. (*See* PSR 16). It is reasonable to conclude that Petitioner and his co-conspirators were targeting these victims due to their mental condition and age, and the vulnerable victims enhancement was proper. Counsel's objection would have been without merit, and counsel is not required to file futile motions. *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). Petitioner is not entitled to § 2255 relief on this claim. *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (noting that where issue underlying ineffectiveness claim is without merit, the ineffective assistance claim is frivolous).

Third, Petitioner argues that he provided the Government with information that it later used against him, but he fails to specify any particular information and explain how it was used against him. His "conclusional allegation" is insufficient to establish a claim of ineffective assistance or to warrant an evidentiary hearing. *United States v. Demik*, 489 F.3d 644, 646 (5th

9

Cir. 2007).

Petitioner also claims that his attorney admitted his ineffective assistance when he admitted that he "could not possibly fashion a defense" for Petitioner. Petitioner argues that he pleaded guilty without an awareness that counsel had rendered ineffective assistance, and therefore, that his plea is invalid.

Attached as an exhibit to Petitioner's § 2255 motion is an excerpt from what the Court assumes is Petitioner's brief on direct appeal. (*See* doc. no. 363, p. 17). In the excerpt, Petitioner's counsel argues that the victim impact testimony considered by the Court at sentencing denied Petitioner due process. (*Id.*). The language identified by Petitioner as a concession of counsel's ineffectiveness is contained in the following quote: "Mr. Beasley and his counsel could not possibly fashion a defense or otherwise attempt to mitigate the persuasive value of the witnesses' testimony or even call these victims as witnesses without prior notice that it would factor into the court's valuation, which denied Mr. Beasley due process of the law." (*Id.*). This statement is not a concession by counsel of his ineffectiveness, but rather, an argument that the consideration of the victim impact testimony was prejudicial. The Court has already considered and rejected Petitioner's claim as it concerns counsel's assistance with regard to the victim impact testimony, and Petitioner is not entitled to relief on this claim.

**3. Failure to properly advise.**

Petitioner maintains that counsel rendered ineffective assistance in advising him to cooperate with the Government and in failing to advise him of his right to silence. As a result, he argues, he provided information during interviews with the Government that was later used to increase his sentence.

At Petitioner's change of plea hearing, the Court advised him of his rights - including his right to remain silent and his right to proceed to trial. (Plea. Tr. 6). The Court also explained at sentencing that had it not been for the § 5K1.1 motion filed by the Government, Petitioner would have been sentenced to a term of imprisonment of 240 or 250 months. (Sentencing Tr. 10). Because of his cooperation, Petitioner was sentenced to 190 months. (*Id.*). Therefore, Petitioner cannot show prejudice as a result of counsel's performance, as he would have received a higher sentence had he not cooperated.

**4. Failure to object to the PSR**

Petitioner claims that trial counsel never went over the PSR with him, and he alludes that the PSR presented to the Court might contain inaccuracies. At sentencing, Petitioner's trial counsel, when asked if it was correct that there were no objections, stated that he and the probation officer "resolved" an issue with the PSR, which "resulted in the revised PSR" that was presented to the Court. (Sentencing Tr. at 2-3). Moreover, Petitioner stated in open court that he had reviewed the PSR with his attorney. (*Id.* at 2). Petitioner's argument is conclusory and insufficient to establish a claim of ineffective assistance or to warrant an evidentiary hearing. *United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007).

**5. Failure to object to the leader/organizer enhancement.**

Petitioner asserts that counsel provided ineffective assistance by not objecting to the leader/organizer enhancement. At sentencing, the Government must prove sentencing enhancements by a preponderance of the evidence. *United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010). Under United States Sentencing Guideline ("U.S.S.G.") § 3B1.1(a), a four-level increase in a defendant's total offense score is warranted if the defendant was "an organizer or a

11

leader of a criminal activity that involved five or more participants." *United States v. Fernandez*, 559 F.3d 303, 331 (5th Cir. 2009). To qualify for the adjustment, "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants[.]" U.S.S.G. § 3B1.1n. 2; n. 4. The PSR noted that Petitioner acted as a leader in the scheme in making phone calls to victims and helping to organize multiple runners. (PSR 11). He also received a large portion of the proceeds. (*Id.* at 11-12). Accordingly, the enhancement was warranted, and Petitioner cannot establish deficient performance by counsel or prejudice as a result.

Petitioner also argues that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) requires him to be resentenced to a range of 41 to 51 months, as that case held that "any fact that increases a mandatory minimum sentence is an 'element' that must be submitted to the jury." *Id*. at 2155. Petitioner argues that his PSR includes facts that the Court relied upon to increase the penalty for his crime, and that they are "elements" that were not submitted to a jury and found beyond a reasonable doubt. He argues that these "elements" were not discussed with him prior to his agreement, and there is no admission of these facts in the record. Therefore, he maintains, the enhancements are improper under *Alleyne*.

*Alleyne* is inapplicable to Petitioner's case, because his crime does not have a statutory minimum sentence. The Court otherwise notes that it imposed an upward variance in this case based on 18 U.S.C. § 3553 factors that determined the advisory range within the range prescribed by statute. *See id.* at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. . . and is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law"). Petitioner is not entitled to relief on this claim.

12

**6. Failure to research and properly advise Petitioner of viable issues for a writ of certiorari.**

Petitioner lodges a blanket accusation that counsel failed to research, which is an insufficient allegation to establish ineffective assistance of counsel or require an evidentiary hearing on the issue. *Demik*, 489 F.3d at 646; *United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Petitioner had not identified the issues counsel failed to research or suggested what issues would have changed the outcome of his sentence. Without demonstrating that a meritorious defense would have altered his sentence, he cannot demonstrate prejudice. *See, e.g., Sones*, 61 F.3d at 415 n.5 (holding that an attorney's performance cannot be considered deficient for simply failing to raise a meritless claim).

Petitioner also maintains that counsel performed ineffectively in erroneously advising him that there were no meritorious issues to present in a petition for writ of certiorari with the Supreme Court. Counsel's refusal to file a writ of certiorari does not deprive a petitioner of constitutionally entitled right, as the constitutional right to the effective assistance of counsel does not extend beyond a first appeal of right. *See, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Clark v. Johnson*, 227 F.3d 273, 283 (5th Cir. 2000); *see also Ross v. Moffitt*, 417 U.S. 600, 617-18 (1974) (holding due process does not guarantee a constitutional right to counsel for litigant seeking to file a certiorari petition in the United States Supreme Court); and 28 U.S.C. § 1254 (writ of certiorari is discretionary). Because Petitioner does not have a constitutional right to counsel for purposes of seeking certiorari review, he cannot be deprived of the effective assistance of counsel. *See Wainwright v. Torna*, 455 U.S.

586, 587 (1982); *see also United States v. Lauga*, 762 F.2d 1288, 1291 (5th Cir. 1985) (finding claims of ineffective assistance of counsel because attorney did not seek a writ of certiorari from the Supreme Court devoid of merit). Petitioner is not entitled to relief on this claim.

### Certificate of Appealability

An appeal cannot be taken from a final order adverse to Petitioner unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not filed a notice of appeal, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For claims rejected on their merits, Petitioner may obtain a COA by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims rejected on procedural grounds only, Petitioner may obtain a COA by showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The Court finds that Petitioner cannot satisfy the *Slack* criteria, and a COA will not issue in this case.

### Conclusion

Petitioner's motion for relief under 28 U.S.C. § 2255 is **DENIED** (doc. entry no. 363), and this action is **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED**, this the 16th day of December, 2013.

14

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**